UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRIAN JOEL BAKER,

                Plaintiff,

v.                                            Case No. 24-cv-979-pp

TRIDENT CARE, *et al.*,

                Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Plaintiff Brian Joel Baker, who is incarcerated at Stanley Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

### I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On August 14, 2024, the court ordered the plaintiff to pay an initial partial filing fee of $26.94. Dkt. No. 6. The court received that fee on August 26, 2024. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

    A.     <u>Federal Screening Standard</u>

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See <u>Cesal v. Moats</u>, 851 F.3d 714, 720 (7th Cir. 2017) (citing <u>Booker-El v. Superintendent, Ind. State Prison</u>, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v.</u>

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff sues Trident Care, Dr. Nicolaus J. Kuehn and Dr. Jean A. Muerhoff-Schweda. Dkt. No. 1 at 1. He alleges that on October 18, 2022, while confined at Fox Lake Correctional Institution, he broke his foot while sleeping. Id. at 3. The plaintiff states that he immediately contacted HSU, was seen and was scheduled for an x-ray. Id. Defendant Dr. Kuehn of Trident Care allegedly misread the x-ray and said that the plaintiff's foot was fine. Id. The plaintiff alleges that after experiencing no improvement, he had a second x-ray on November 3, 2022, and Kuehn said his "5 metatarsal was fractured." Id.

3

On January 20, 2023, the plaintiff allegedly refractured the same foot in his sleep. Id. He says that Kuehn said it was his fifth metatarsal that was refractured, but according to Dr. J. Stroebel (an offsite foot doctor who is not a defendant), it was the plaintiff's second metatarsal that was fractured, not the fifth. Id. at 3-4. The plaintiff states, "Dr. Kuehn was wrong again." Id. at 4.

NP Lyons, the plaintiff's health provider (who is not a defendant) allegedly told him to send a slip to "P.S.U. for what she thought of him having P.T.S.D., that was causing him harm in his sleep." Id. On December 30, 2022, the plaintiff allegedly sent the request, but he received no response. Id. He states that on January 17, 2023, he sent in another P.S.U. slip requesting to be seen. Id. The plaintiff alleges that both slips were triaged to defendant Dr. Muerhoff-Schweda but that she didn't respond until the afternoon of January 20, 2023, "the morning of the plaintiff breaking his foot again." Id.

The plaintiff alleges that under DAI Policy # 500.70.12, P.S.U. staff shall respond within three working days and that Muerhoff-Schweda's failure to respond within three days is "deliberate indifference." Id. He says that he could have been seen and put on meds before breaking his foot again, or at least been prevented from it. Id. The plaintiff says that "[w]ith Dr. Kuehn it would be negligence." Id.

The plaintiff seeks $150,000 from each defendant for pain and suffering. Id. at 5.

C. <u>Analysis</u>

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with deliberate indifference to the serious medical need of an incarcerated individual. <u>Cesal v. Moats</u>, 851 F.3d 714, 720-21 (7th Cir. 2017) (citing <u>Estelle v. Gamble</u>, 429 U.S. 97, 104-05 (1976)). To state a claim for deliberate indifference for deficient medical care, the plaintiff "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." <u>Cesal</u>, 851 F.3d at 721 (quoting <u>Perez v. Fenoglio</u>, 792 F.3d 768, 776 (7th Cir. 2015)).

An objectively serious medical need is one that has either been diagnosed by a physician and demands treatment or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." <u>Id.</u> (quoting <u>King v. Kramer</u>, 680 F.3d 1013, 1018 (7th Cir. 2012)). The deliberate indifference standard is subjective and requires a plaintiff to allege that the official knew of, but disregarded, a substantial risk to the incarcerated individual's health. <u>Id.</u> (citing <u>Farmer v. Brennan</u>, 511 U.S. 825, 836-38 (1994); <u>Greeno v. Daley</u>, 414 F.3d 645, 653 (7th Cir. 2005)). A delay in treatment may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an incarcerated individual's pain. <u>McGowan v. Hulick</u>, 612 F.3d 636, 640 (7th Cir. 2010) (citing <u>Estelle</u>, 429 U.S. at 104-05.

As the plaintiff seems to recognize, his allegations that Dr. Kuehn misread x-rays of his foot do not state a claim for deliberate indifference. <u>See</u> <u>Atwater v. Kuber</u>, Case No. 19-CV-363, 2022 WL 3369538, at *3 (E.D. Wis.

5

Aug. 16, 2022) (misreading an x-ray does not rise to the level of deliberate indifference and is at most medical malpractice) (collecting cases).

Regarding Dr. Muerhoff-Schweda, the plaintiff states that she violated DAI policy by not responding to his P.S.U. slips within three days. A violation of prison policy alone, however, does not constitute a constitutional violation. See Pulera v. Sarzant, 966 F.3d 540, 551 (7th Cir. 2020) (a violation of jail policy is not cognizable under §1983); Thompson v. City of Chicago, 472 F.3d 444, 454 (7th Cir. 2006) (§1983 does not protect plaintiffs from violations of state law or policy). In other words, just because Muerhoff-Schweda violated DAI policy does not mean that she violated the plaintiff's constitutional rights.

On the other hand, the plaintiff alleges that he was suffering from a serious mental illness, a nurse practitioner recommended that he contact the P.S.U. for treatment and Muerhoff-Schweda's delay in responding to the plaintiff resulted in the plaintiff breaking his foot again. Construed liberally, these allegations state an Eighth Amendment claim against Muerhoff-Schweda. The court also will exercise supplemental jurisdiction over a state law medical malpractice claim against Kuehn. See 28 U.S.C. §1367(a).

As for defendant Trident Care, the plaintiff alleges that it employs Kuehn. Trident Care cannot be held liable under 42 U.S.C. §1983 simply because it employs defendant Kuehn. A private corporation may be liable under Monell v. Dep't of Soc. Servs., 436 U.S. 58 (1978) only if a "municipal (or corporate) policy or custom gave rise to the harm (that is, caused it)[.]" Thomas v. Martija, 991 F.3d 763, 773 (7th Cir. 2021) (quoting Glisson v. Ind. Dep't of Corr., 849

F.3d 372, 379 (7th Cir. 2017)). To prove that the corporation itself inflicted the harm, the plaintiff must show that (1) the alleged unconstitutional conduct implements or executes an official policy adopted by the entity's officers, (2) the unconstitutional action was done pursuant to a custom, or (3) an actor with final decision-making authority within the entity adopted the relevant policy or custom. Id. (citing Monell, 436 U.S. at 690-91, 694. The plaintiff's allegations do not satisfy this standard, so he cannot proceed on a claim against Trident Care. The court will dismiss it as a defendant.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** defendant Trident Care.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendants Nicolaus J. Kuehn and Jean A. Muerhoff-Schweda. Under the informal service agreement, the court **ORDERS** those defendants to file a responsive pleading to the complaint within sixty (60) days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$323.06** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the

amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden of Stanley Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. It is the plaintiff's responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 18th day of October, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**